# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAY A. HANKS,
No. Y12369,

      Petitioner,

vs.

KIMBERLY SMITH, and
JOHN BALDWIN,

      Defendants.

Case No. 18–cv–1197-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Jay A. Hanks, currently incarcerated at Taylorville Correctional Center, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges two 2016 Illinois state convictions (Madison County Circuit Court Nos. 15-CF-885 and 15-CF-886). Petitioner raises the following grounds of relief: (1) His guilty pleas were not knowing and voluntary; (2) his trial counsel afforded ineffective assistance; and (3) his Sixth Amendment right to a speedy trial was violated.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition, the Court concludes that this action must be dismissed.

### **The Petition**

Petitioner was arrested on April 15, 2015, and charged with seven counts of aggravated assault (Case No. 15-CF-885), as well as four counts of child pornography and one count of armed violence (Case No. 15-CF-886). (Doc. 1-1, p. 9). On March 23, 2016, Petitioner pled guilty, pursuant to a negotiated plea agreement, to two counts of aggravated assault (15-CF-885) and one count of child pornography (15-CF-886). (Doc. 1, pp. 1-3, 12, 16-17; Doc. 1-1, p. 9). Petitioner admits that he did not file a direct appeal in either case. (Doc. 1, p. 3). According to Petitioner, the negotiated plea agreement "prohibited" direct appeals. *Id.*

In June 2017, Petitioner sought leave to file a habeas petition in the Illinois Supreme Court, but this request was denied. (Doc. 1, pp. 3, 8). In September 2017, Petitioner filed post-conviction petitions, collaterally attacking his convictions, in both actions. (Doc. 1, pp. 2, 5, 11). On October 6, 2017, the circuit court dismissed the post-conviction petitions, concluding they were frivolous and patently without merit. Petitioner appealed the dismissals (Illinois Court of Appeals, Fifth District, Docket No. 5-17-045). (Doc. 1, p. 7). That appeal, wherein Petitioner is represented by the state appellate defender's office, is presently pending. (Doc. 1, pp. 7-8, 11).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for state prisoners to file a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run on the latest of the following dates: (A) the completion of direct appeal (or expiration of time to bring the direct appeal); (B) the removal of an unconstitutional, state-created impediment that had previously prevented the filing of the petition; (C) the recognition of a new constitutional right that has been made retroactive on collateral review by the Supreme Court of the United States; or; (D) the date on which the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year period is tolled when Petitioner's properly-filed application for post-conviction or other collateral relief is pending in the state courts. 28 U.S.C. § 2244(d)(2).

The relevant provision here is § 2244(d)(1)(A). Petitioner was sentenced before the Circuit Court of Madison County on March 23, 2016. Petitioner had thirty days from that date to file a motion to withdraw his plea.[1] Petitioner did not file a motion to withdraw his plea within the thirty-day window.[2] Thus, for purposes of § 2244(d)(1)(A), Petitioner's conviction became final on Friday, April 22, 2016, the last date on which he could have filed, but did not file, a motion to

---

[1] Petitioner claims that he could not file a direct appeal because such action was prohibited under the terms of his plea agreement. However, Plaintiff could have filed a motion to withdraw his guilty plea. In Illinois, the filing of such a motion is a prerequisite to filing a direct appeal from a judgment entered upon a guilty plea. IL. Sup. Ct. Rule 604(d).

[2] The Court has reviewed the docket sheet in the underlying criminal cases and takes judicial notice of this fact. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 960 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

withdraw his guilty plea.  *See Gonzales v. Thaler*, 565 U.S. 134, 150 (2012); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Carey v. Saffold*, 536 U.S. 214, 223 (2002).[3]  This means that the one-year statute of limitations period on this Petition began to run on April 23, 2016, <u>and Petitioner's § 2254 filing was due one year later, on April 23, 2017</u>.  *See* FED. R. CIV. P. 6(a); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (applying "anniversary method" of calculating limitations period).  The instant Petition was filed on May 31, 2018.  Thus, unless the one-year limitation period was tolled, the Petition is untimely and must be dismissed.

Under some circumstances, the one-year limitation period is tolled.  According to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed post-conviction petitions in his underlying criminal cases (filed with the Madison County Circuit Court on September 25, 2017/currently pending on appeal) and sought leave to pursue a habeas corpus action with the Illinois Supreme Court (filed June 27, 2017).  However, these state court proceedings were commenced *after* the statute of limitations for filing a § 2254 petition had lapsed (April 23, 2017).  Accordingly, they did not toll Petitioner's

---

[3] Petitioner contends that his conviction became final on September 26, 2017, when the Illinois Supreme Court denied leave to file for a writ of habeas corpus, and that the instant Petition is timely because it was filed within a year of September 26, 2017.  (Doc. 1, pp. 5, 12).  However, as is set forth above, Petitioner's conviction became final on April 22, 2016.

one-year limitations period. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (state proceeding that does not begin until after limitations period expires termed "irrelevant"). Further, there is no indication that Petitioner is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). Accordingly, the Petition must be dismissed as untimely.

## **Disposition**

For the foregoing reasons, the Petition is dismissed with prejudice because it is time barred. *See* 28 U.S.C. § 2244(d).

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner cannot make a substantial showing of the denial of a constitutional right; nor can he show that reasonable jurists would debate, much less disagree, with this Court's resolution of this case. *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months)

5

irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

All pending motions are denied as moot, and the Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**United States District Judge**